## W. SIDNEY PITTMAN V. THE STATE.

No. 16042. Delivered January 2, 1935.
Reported in 77 S. W. (2d) 679.

The opinion states the case.

*Grady Niblo,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of criminal libel, and his punishment assessed at confinement in the county jail for 180 days.

The information charges:

"That one W. Sidney Pittman, hereinafter styled defendant, heretofore on or about the 19th day of September, A. D. 1931, in the county of Dallas and State of Texas, with intent to injure J. R. Plummer, did unlawfully and maliciously make, write, publish, print, sell, and circulate a malicious statement of and concerning the said J. R. Plummer, pastor of the Greater Shiloh Baptist Church, affecting the reputation of the said J. R. Plummer, pastor of the Greater Shiloh Baptist Church, to the tenor following, to-wit:

" 'Greater Shiloh's Brer Plum (meaning thereby brother J. R. Plummer, pastor of the Greater Shiloh Baptist Church of the city of Dallas, Dallas County, Texas) Oak Cliff (Dallas). Greater Shiloh with her sweet man parson (meaning thereby J. R. Plummer, pastor of the Greater Shiloh Baptist Church) is still having her troubles ('her' thereby meaning the Greater Shiloh Baptist Church) he (meaning thereby the said J. R. Plummer) once tried to impress his members that he was a nice educated man but his actions soon killed him.

" 'When he (meaning thereby the said J. R. Plummer) began chasing, his wife caught him, and he whipped her for meddling (meaning thereby that the said J. R. Plummer was going with another woman not his wife, and the wife of the said J. R. Plummer caught him, the said J. R. Plummer, and he, the said J. R. Plummer, whipped his wife for interfering) yet he (meaning thereby the said J. R. Plummer) is still seen with this sweetie (meaning thereby the woman with whom the said J. R. Plummer was going). His church ain't forgot that hundred bucks he swiped either (meaning thereby that the members of the Greater Shiloh Baptist Church still remember the time when the said J. R. Plummer stole one hundred dollars from the church). He later made himself trustee, clerk, etc., and took over all of the church's business. He now holds the deeds of the church property. He should read Hitchcock's directory. He has bought personal property along with the church property. We wonder is that why he is holding the deeds. We ought to get us a lawyer to look after our business and tell us where we are at.'

"Against the peace and dignity of the State."

By bill of exception No. 1 the appellant complains of the

action of the trial court in refusing to sustain his motion to quash the information because the information does not specifically set out one or more of the five grounds stated in the statutes constituting the offense of libel. We have examined the information and note that it is somewhat similar to the information in the case of Alsup v. State, 238 S. W., 667, which was upheld by this court. Hence, the action of the trial court in overruling the appellant's motion to quash was not error.

The appellant next complains of the action of the trial court in overruling his objections to the court's main charge. We do not believe that this record is in such condition that we can take notice of this complaint because appellant was charged with a misdemeanor and not a felony and under the decisions of this court he was required to request of the trial court proper charges curing the objectionable matter in the court's main charge as pointed out by him in his objections, in the absence of which requested special charges this court is not authorized to review the question.

By bills of exceptions Nos. 12 to 17, both inclusive, the appellant complains of the action of the trial court in permitting the State to introduce as evidence various written articles which had no connection with the alleged libelous article set forth in the information, nor did they in any way refer to the alleged injured party. Each of the articles was published before the date upon which it is charged that appellant published the libelous article against the alleged injured party. In one instance the publication of the article took place in Muskogee, Oklahoma, on September 14, 1931. None of the articles mentioned have any reference to the alleged injured party involved in the present appeal. Apparently the reception of the evidence was intended to have some bearing upon the question of the guilt of the appellant of the offense with which he was charged. In none of the articles is the injured party or any of his affairs mentioned. The State undertook to prove that appellant, with malicious intent, authorized the circulation of a publication injurious to the alleged injured party. The proof tendered and received in the bills of exception is apparently, in view of the facts of this case, entirely foreign to the issue involved. If the publications mentioned in the bills of exception were in any sense criminal, the appellant was not charged with their commission, but if the jury regarded them as criminal, the appellant was not charged with committing them. He could be prosecuted in the present case for the single offense with which he was charged, namely, that, as stated in the indictment, his con-

duct was found libelous against the alleged injured party. The penalty assessed was imprisonment for more than the minimum, whereas it might, under the law, have been a fine without imprisonment. We believe that the learned trial court erred in the admission of the said articles in evidence. It is obvious that these articles have no connection with the article alleged to be libelous and nowhere refer in the remotest degree to the alleged libeled party. We therefore conclude that the same were not admissible on the question of intent or animus.

Appellant's objections to the action of the trial court as shown by bills of exception Nos. 18 to 22, both inclusive, should have been sustained on the same theory that we have discussed in the foregoing bills of exception.

The appellant's bill of exception to the argument of the assistant district attorney does not disclose that the same was of such a nature as would justify a reversal of the judgment. However, the trial court should require the prosecuting attorney to confine his argument to the testimony submitted to the jury under the ruling of the court and not permit him to go outside of or beyond that testimony.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.